UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **PATRICK CLARK** | **CASE NO. 5:24-CV-01423** |
| **VERSUS** | **JUDGE EDWARDS** |
| **WEST DEALERSHIP ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Before the Court is a Motion to Compel Arbitration and to Dismiss Lawsuit[1] filed by Defendants, **ORRKLAHOMA WEST, LLC d/b/a ORR NISSAN WEST, RAUL RODRIGUEZ, and JEFFERY OSEL** (collectively, "Defendants"). Plaintiff **PATRICK CLARK** opposes the motion,[2] to which Defendants replied.[3] The motion has been fully briefed and is ripe for the Court's consideration.

Defendants seek an order from this Court compelling arbitration and dismissing this matter with prejudice.[4] For the reasons set forth below, Defendants' motion is **GRANTED**.

### I. BACKGROUND

This suit arises from a commercial transaction between Plaintiff and Defendant Orr Nissan West whereby Plaintiff purchased a 2024 Nissan Titan Pro-4x truck ("2024 Nissan") in July of 2024.[5] Plaintiff alleges that Defendants breached the purchase contract by failing to register the vehicle in Louisiana.[6] Further, Plaintiff alleges that Defendants failed to provide him with the full

---

[1] R. Doc. 18.
[2] R. Doc. 21. In his opposition, Plaintiff included a Motion to Strike the affidavit submitted with Defendants' Motion to Compel. (R. Doc. 22).
[3] R. Doc. 23.
[4] R. Doc 18.
[5] R. Doc. 1, p.2.
[6] R. Doc. 1, p.2.

equity value of the vehicle he traded-in for the purchase.[7] Lastly, Plaintiff claims that the 2024 Nissan had hail damage that was not disclosed to him.[8] Plaintiff sued Defendants for (1) fraudulent misrepresentation; (2) breach of contract; and (3) violations of the Magnuson-Moss Warranty Act ("MMWA").[9]

Defendants subsequently filed their Motion to Compel Arbitration.[10] Defendants' motion does not explore the merits of Plaintiff's allegations, but instead directs the Court to an Arbitration Agreement ("Agreement") executed by Plaintiff and Orr Nissan West.[11] Defendants assert that all of Plaintiff's claims are subject to the transaction's arbitration provision, which must be enforced pursuant to the Federal Arbitration Act.[12] Defendants further assert that Plaintiff's claim under federal law, i.e. MMWA, does not excuse or waive the arbitration clause executed by the parties; the arbitration clause would be binding as to all of Plaintiff's claims.[13]

## II. LAW

Section 2 of the Federal Arbitration Act states, in pertinent part:

> A written provision in a ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.[14]

---

[7] *Id.*
[8] *Id.*
[9] R. Doc.1, p.1.
[10] R. Doc. 18.
[11] R. Doc. 18-3, p.7. The Arbitration Agreement is also included in the exhibits attached to Plaintiff's Complaint. (R. Doc. 1). It is undisputed that the Agreement was signed by Plaintiff and David Smith, Orr Nissan West's Finance Manager.
[12] 9 U.S.C. § 2.
[13] R. Doc. 18, p.2-3.
[14] 9 U.S.C. § 2.

In determining whether a party may be compelled to arbitrate, a district court must employ a two-step analysis.[15] First, the district court must determine whether the party has agreed to arbitrate the dispute. Such a determination is subdivided into two parts: "(1) is there a valid agreement to arbitrate the claims, and (2) does the dispute in question fall within the scope of that arbitration agreement?"[16] If either question is answered in the negative, the party may not be compelled to arbitrate and may proceed with his claims in federal court. However, if both questions are answered in the affirmative, the district court must consider whether "any federal statute or policy renders the claims nonarbitrable."[17]

Because there is a strong federal policy favoring arbitration, the party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity.[18] "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.[19] In order to overcome the presumption in favor of arbitration, the party opposing arbitration must demonstrate that "Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue."[20]

If the court concludes that the parties have agreed to arbitrate and that there are no legal impediments to doing so, then the court must grant the motion.[21]

---

[15] *See Jones v. Haliburton Co.*, 583 F.3d 228, 233-34 (5th Cir. 2009).
[16] *Id.* at 234. (quoting *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008)).
[17] *Id.*
[18] *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).
[19] *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L.Ed.2d 765 (1983).
[20] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).
[21] *See Signal Ridge Owners Ass'n, Inc. v. Landmark Am. Ins. Co.*, 657 F. Supp.3d 866, 872 (N.D. Tex. 2023).

### III. ANALYSIS

#### a. The Arbitration Agreement executed by the parties is valid.

In the present matter, Plaintiff bears the burden of establishing that the arbitration agreement is invalid.[22] Given the strong legal presumption of arbitration, Plaintiff's burden of proof is significant.[23] Plaintiff challenges the validity of the arbitration agreement on two grounds.

First, Plaintiff asserts that Defendants' motion should be denied because the affidavit of David Smith, Orr Nissan West's Finance Manager, is "false on its face," which constitutes "fraudulent conduct" and therefore "the arbitration agreement is not applicable."[24] Specifically, Plaintiff asserts that the financial figures reflected in the affidavit are false.[25] Plaintiff also cites *PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship*, 187 F.3d 988 (8th Cir. 1999) for the proposition that "[t]he court held that fraudulent misrepresentation invalidates attempts to compel arbitration."[26]

Second, Plaintiff suggests that the Agreement is unenforceable in Louisiana because it was filed in the state of Oklahoma.[27] Plaintiff asks this Court to "consider the jurisdictional issues and the relevance of the agreement to this case,"[28] but offers no further direction for his request. The Court assumes that Plaintiff's request is an attempt to challenge the validity of the agreement.

In response, Defendants point out that the Plaintiff does not dispute that he signed the Agreement. Defendants also assert that while Plaintiff cites a case that mentions fraud in the

---

[22] *Carter*, 362 F.3d at 297.
[23] 9 U.S.C. § 1.
[24] R. Doc. 21, p. 1-2.
[25] *Id.*
[26] *Id.*
[27] R. Doc. 21, p.3.
[28] R. Doc. 21, p.3.

inducement, he "makes no argument that he was somehow fraudulently induced to sign the agreement."[29]

Section 2 of the FAA makes clear that arbitration is a matter of contract.[30] Courts are required to uphold valid arbitration agreements as they would a contract and enforce them according to their terms.[31] In the present matter, Section 2 provides two ways that Plaintiff may challenge the arbitration agreement's validity.[32]

First, Plaintiff may challenge the specific agreement to arbitrate, severing the clause from the contract and testing it in isolation.[33] Second, Plaintiff may challenge the entire contract with "generally applicable contract defenses;" i.e., fraud, duress, or unconscionability, or on grounds that a provision contained therein is illegal.[34] Plaintiff asserts that the arbitration agreement is not "*applicable*" but does not make any argument that the isolated arbitration agreement is *invalid*.[35] Therefore, the first type of challenge does not apply. Instead, Plaintiff challenges the commercial contract in its entirety on grounds of fraud.[36]

Plaintiff's assertion that Defendants' affidavit is "intended to mislead the court" does not support the invalidity of the original contract for fraud. Plaintiff does not provide factual allegations that: certain provisions of the contract are illegal; that he entered the contract under duress; or that the contract was unconscionable. Absent support for those alternative challenges, the Court upholds the validity of the arbitration agreement as executed by Plaintiff and Defendants.

---

[29] R. Doc. 23, p. 2.
[30] *See Rent-A-Center West, Inc. v. Jackson,* 561 U.S. 63, 68 (2010). *See supra*; "A written provision in…a contract evidencing a transaction involving commerce to settle by arbitration…shall be valid, irrevocable, and enforceable…"
[31] *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).
[32] *Rent-A-Center, West, Inc.,* 561 U.S. at 70-71.
[33] *Id.* (citing *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 444-445 (2006)).
[34] *Id.* (citing *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).
[35] R. Doc. 21, p.1.
[36] *Id.*

### b. Plaintiff's claims fall within the scope of the Arbitration Agreement.

The Court is instructed to resolve any doubts as to the scope of arbitrable issues in favor of arbitration.[37] Plaintiff's claims against Defendants include (1) fraudulent misrepresentation, (2) breach of contract, and (3) violations of the MMWA.[38] The Agreement provides that "[a]ny claim or dispute, whether in contract, tort, statute or otherwise" between the parties must be resolved by arbitration.[39] Plaintiff bears the burden of demonstrating to the Court that his claims are outside the scope of the Agreement.[40]

First, Plaintiff claims that Defendants engaged in fraudulent conduct to induce him into entering the contract.[41] However, Plaintiff does not argue that his fraud claims falls "outside the scope" of the arbitration agreement. Second, Plaintiff does not show how his breach of contract claim falls outside of the scope of the Agreement. As for Plaintiff's MMWA claim, he asserts this claim is nonarbitrable and thus permits him to seek judicial review rather than arbitration.[42]

Defendants point out in response that all of Plaintiff's claims fall within the scope of the Agreement as they all arise from the purchase of the 2024 Nissan, which was confected by the contract requiring arbitration for *any* claim whether by "contract, tort, statute or otherwise."[43] Defendants also contend that Plaintiff must demonstrate that "Congress intended to preclude a waiver of judicial remedies" for Plaintiff's claims under the MMWA in order to overcome the presumption of arbitration enforcement.[44] Defendants cite *Walton v. Rose Mobile Homes, LLC*,

---

[37] *Moses H. Cone Mem. Hosp.,* 460 U.S., at 24-25.
[38] R. Doc.1, p.1.
[39] R. Doc. 18-3, p. 7.
[40] *Moses H. Cone Mem. Hosp.,* 460 U.S., at 24-25.
[41] R. Doc. 21. The Court assumes that this is Plaintiff's argument by his statement that, "[t]he court found that fraud in the inducement of an arbitration clause renders the clause unenforceable." (citing *PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship,* 187 F.3d 988 (8th Cir. 1999)). Further, Plaintiff alleges that Defendants committed fraud by not disclosing hail damage to the 2024 Nissan and by not giving him the full value of his trade-in vehicle.
[42] *Id.*
[43] R. Doc. 23, p. 2.
[44] *Mitsubishi Motor Corp.*, 473 U.S., at 628.

wherein the Court held that "clear congressional intent in favor of enforcing valid arbitration agreements" controlled in the adjudication of the plaintiff's MMWA claims.[45]

The Court agrees with Defendants. Plaintiff fails to meet his burden that his fraud or breach of contract claims are beyond the scope of the Agreement. Further, Defendant correctly cites Fifth Circuit precedent which holds that the MMWA does not preclude arbitration.

Plaintiff's opposition to Defendants' motion also asserts, for the first time, that Defendants violated the Truth in Lending Act ("TILA") for "disclosure failures" and "unfair lending practices."[46] Setting aside the prohibition against asserting new claims in opposition to a motion to dismiss,[47] Plaintiff cites no support that TILA claims are beyond the scope of the Agreement. Plaintiff asserts that "[t]hese issues are better suited for judicial review," but declines to discuss why his TILA claims could not be resolved through arbitration.[48] Plaintiff asserts that TILA affords him particular statutory rights that may render his TILA claims nonarbitrable.[49] Plaintiff does not specifically identify what those rights are, but cites *Greentree Financial Corporation-Alabama v. Randolph* to support his assertion.[50] Defendant counters that *Greentree* does not place TILA claims beyond the reach of arbitration, as the TILA claims in that case "played little or no role" in the Court's decision.[51]

The Court's review of *Greentree* yielded no indication that claims brought under the TILA are nonarbitrable. In fact, the Supreme Court observed that whether the TILA "evinces an intention

---

[45] *Walton v. Rose Mobile Homes, LLC*, 298 F.3d 470, 478 (5th Cir. 2002).
[46] R. Doc. 21, p.3-4.
[47] "[N]ew allegations cannot be raised in a response to a motion to dismiss." *Partners & Friends Holding Corporation v. Cottonwood Minerals, LLC,* 653 F. Supp. 3d 344, 351 (N.D. Tx. 2003) (citing *Young v. City of Houston*, 599 F. App'x 553, 555 (5th Cir. 2015).
[48] R. Doc. 21, p. 3-4.
[49] *Id.*
[50] 531 U.S. 79 (2000)
[51] R. Doc. 23, p. 3.

to preclude a waiver of judicial remedies" was not in contention.[52] Ultimately the Supreme Court found that the TILA claims *were arbitrable* given the "liberal federal policy favoring arbitration agreements."[53] Consequently, Plaintiff has not shown that his claims against Defendants under the TILA, if any, are nonarbitrable.

Finally, Plaintiff asserts that Defendants have "committed state and federal crimes" and therefore his claims should be adjudicated in Court rather than arbitration.[54] This conclusory statement is frivolous and will be disregarded by the Court.[55]

### c. No federal statute or policy renders the claims nonarbitrable.

The Arbitration Agreement executed between Plaintiff and Defendants is valid and Plaintiff's claims are within the scope of that Agreement. Now, the Court must consider whether "any federal statute or policy renders [Plaintiff's] claims nonarbitrable."[56] Plaintiff opposes arbitration and thus bears the burden of proving that his claims are nonarbitrable.[57] For all the reasons previously discussed, Plaintiff fails to meet this burden as he does not demonstrate Congress' intent to render his claims for fraud, breach of contract, violations under the MMWA or the TILA nonarbitrable.

Accordingly, the Arbitration Agreement will be enforced and this case dismissed.

---

[52] *Greentree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 90 (2000).
[53] *Id*., at 91-92.
[54] R. Doc 21, p.4.
[55] Unrepresented parties are bound by Rule 11 of the Federal Rules of Civil Procedure to advance arguments that have evidentiary support or will likely have evidentiary support after discovery. These arguments must also be warranted in existing law, or supported by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11. Plaintiff's conclusory assertion that Defendants have committed crimes does not meet this standard. See also Fed. R. Civ. P. 12(f) ("The court may strike from a pleading … any immaterial, impertinent, or scandalous matter.").
[56] *Id.*, at 234. (quoting *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008)).
[57] *Mitsubishi Motors Corp.*, 473 U.S. at 628.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Arbitration and to Dismiss Lawsuit[58] is **GRANTED** and Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE.** Plaintiff's Motion to Strike Affidavit[59] is **DENIED AS MOOT.** A Judgment consistent with this ruling shall be issued accordingly.

**THUS DONE AND SIGNED** in Chambers this 27th day of January, 2025.

*Jerry Edwards, Jr.*

**JUDGE JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT COURT**

---

[58] R. Doc. 18.
[59] R. Doc. 22.